IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWAN RASHEED MCBRIDE, | ) | |
| | ) | 12-cv-198 |
| | ) | 08-cr-308 |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |

## OPINION

Pending before this Court is Petitioner Dawan McBride's "Memorandum of Law Brief in Support of Petition to Vacate Judgment in the Nature of Tenth Amendment Pursuant to U.S. Const. Art. III" [ECF #1 of 12-cv-198; ECF # 68 of 08-cr-308] ("Motion").

Petitioner raises two arguments in his Motion. First, he argues that pursuant to Bond v. United States, 131 S.Ct. 2355 (2011), decided on June 16, 2011, he has standing to argue that 18 U.S.C. § 924(e), the armed career criminal sentencing enhancement provision which we held to be applicable to Petitioner at his sentencing hearing, violates the 10th Amendment to the United Constitution and therefore, the judgment against him must be vacated. See Motion, pp. 3-6. In Bond, the Supreme Court reversed the decision of the Third Circuit court, which had determined that only the state itself could argue that a federal statute violated the 10th Amendment; the Supreme Court held that individuals have standing to challenge federal statutes on 10th Amendment grounds when they are directly affected by the statute. Bond, 131 S.Ct. at 2363–64 ("The individual, in a proper case, can assert injury from governmental action

taken in excess of the authority that federalism defines. Her rights in this regard do not belong to a State.").

Second, Petitioner argues that we erred at his sentencing hearing when we concluded that his prior Pennsylvania state court conviction for possession with intent to distribute crack cocaine (Criminal Case Number 199714783) qualified as a "serious drug offense" for purposes of determining whether § 924(e) applied to Petitioner. This is not the first time Petitioner has argued that we erred in holding that § 924(e) applied to him. Petitioner made the same contention at his sentencing hearing and in a prior § 2255 Motion which he filed on April 14, 2011 and we denied on October 6, 2012. See April 21, 2009 Transcript, pp. 15-20; Opinion dated October 6, 2011, p. 10 ("Petitioner's sole argument in the §2255 Motion is that the Court erred when it sentenced him as an armed career criminal under the Armed Career Criminal Act ('ACCA'), 18 U.S.C. § 924(e) [based upon his Pennsylvania state court convictions at criminal case numbers 200105827, 200300657, and 199714783] and it should modify his sentence accordingly:").

We read Petitioner's Motion to be a motion to vacate, set aside or correct Petitioner's sentence pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255 (a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."); Okereke v. United States,

307 F.3d 117, 120 (3d Cir. 2002) (citation omitted) ("Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution."). As stated above, this is not Petitioner's first Motion to Vacate, Set Aside or Correct the Sentence pursuant to 28 U.S.C. § 2255. Therefore, this Motion is subject to the requirement of 28 U.S.C. § 2255(h) which provides:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Id. Accordingly, because Petitioner's Motion is a second or successive § 2255 motion that has not been certified, it must be denied.

We also note that even if Petitioner intended his Motion to be a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241,[1] Petitioner's Motion still must be denied because pursuant to 28 U.S.C. § 2255(e),[2] a habeas petitioner may seek relief under §2241 only if it is established that the remedy provided by § 2255 is "inadequate or

---

[1] 28 U.S.C. § 2241( c) (3) provides: "The writ of habeas corpus shall not extend to a prisoner unless . . . (3) [h]e is in custody in violation of the Constitution or laws or treaties of the United States."

[2] 28 U.S.C. § 2255(e) provides that—
"[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

ineffective" to test the legality of his detention and we find that Petitioner has not shown that § 2255 provides an inadequate or ineffective remedy. In re Dorsainvil, 119 F.3d 245, 249-50 (3d Cir. 1997). In particular, while Petitioner seems to be arguing that the Bond decision provides him with a new basis for challenging the legality of his incarceration, in fact, Petitioner could have raised that argument in his first § 2255 Motion since Bond was decided on June 16, 2011 and Petitioner had asked for, and been granted, permission by this Court to amend his § 2255 Motion, originally filed on April 14, 2011, up until September 6, 2011. See ECF ## 61, 63 and 64 of CR08-308; ECF #1 of CV11-494. Further, with respect to Petitioner's argument that we erred at his sentencing hearing when we concluded that his prior Pennsylvania state court conviction for possession with intent to distribute crack cocaine (Criminal Case Number 199714783) qualified as a "serious drug offense" for purposes of determining whether § 924(e) applied to him, again, this argument has already been addressed by this Court and found to be incorrect.

Accordingly, the following Order is therefore entered:

AND NOW, this 22nd day of February, 2012, it is hereby ORDERED, ADJUDGED, AND DECREED that Petitioner Dawan McBride's "Memorandum of Law Brief in Support of Petition to Vacate Judgment in the Nature of Tenth Amendment Pursuant to U.S. Const. Art. III" [ECF #1] is DENIED.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge